```
N7KCdilC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4              v.                              17 Cr. 630-7 (ER)
5  IRINA DILKINSKA,
6                 Defendant.
7  ------------------------------x
8                                              New York, N.Y.
                                                July 21, 2023
9                                               12:00 p.m.

10
   Before:
11
                      HON. EDGARDO RAMOS,
12
                                            District Judge
13
                              APPEARANCES
14
   DAMIAN WILLIAMS,
15      United States Attorney for the
        Southern District of New York
16 BY:  NICHOLAS FOLLY
        Assistant United States Attorney
17
   JEREMY SCHNEIDER
18      Outgoing Attorney for Defendant

19 JOHN BUSA
        Incoming Attorney for Defendant
20

N7KCdilC

1        (Case called)

2        MR. FOLLY:  Good afternoon, your Honor.  Nicholas
3    Folly for the government.

4        MR. SCHNEIDER:  Good afternoon, your Honor.  Jeremy
5    Schneider for Ms. Dilkinska.

6        THE COURT:  Good morning to you all.  This matter is
7    on for substitution of counsel hearing.  I received a letter
8    from Mr. Schneider indicating that he had been advised by his
9    client, Ms. Dilkinska, that she wanted a change of counsel.

10       By the way, Mr. Schneider, in that letter, you
11   indicated Ms. Dilkinska had sent a letter to the Court.  We
12   have not received that letter.

13       Ms. Dilkinska, I don't know whether, in fact, you did
14   send me a letter.  In any event, we have not received it.

15       Mr. Schneider, first of all, are you retained or are
16   you CJA?

17       MR. SCHNEIDER:  I'm CJA, your Honor.

18       THE COURT:  Is there anything that you can state on
19   the record in public as to why apparently Ms. Dilkinska wants a
20   change of counsel?

21       MR. SCHNEIDER:  Yes.  While I do not intend to become
22   Ms. Dilkinska's adversary, it's always a very uncomfortable
23   situation when you have a substitution of counsel possibility.
24   But let me just say that in speaking to Ms. Dilkinska, we have
25   had a number of meetings, but she -- there's been a breakdown

of the attorney-client relationship.  She feels that her interests would best be served with another lawyer, without getting into the details, I don't want to reveal any confidential conversations.  But, suffice it to say, I totally agree with her.  I believe it would be in her best interests to have a different attorney appointed so that that new lawyer, either he or she could develop a better relationship with Ms. Dilkinska so that her rights can be fully protected and move the case as expeditiously as possible.  So I join in the application to have new counsel appointed.

THE COURT:  Very well.  Ms. Dilkinska, this is what I'm going to do, it is my practice when someone first requests a new lawyer to grant them a new lawyer.  However, there's something that I need to explain to you.  While you have a constitutional right, an absolute right to have a lawyer in connection with this proceeding, you are not entitled to have a lawyer of your choice.  What I mean by that is I will appoint a new lawyer, and you should know that the lawyer that I appoint has been selected by the Court, not just by me, but by all my colleagues, other judges of the court because we believe that the person is sufficiently trained and experienced and ethical to represent indigent clients before us.

I say this because it may be, and I don't know what the issue was between you and Mr. Schneider, and we don't have to get into it, but it may be if the information you were being

1   provided with Mr. Schneider about the evidence in the case, it
2   may be that the recommendations that Mr. Schneider has provided
3   to you may be the same with the next lawyer that comes in.  So
4   you can't get a new lawyer because you don't like what your
5   lawyer is telling you.
6            THE DEFENDANT:  I understand.  It's not the matter.
7            THE COURT:  We will assign a new lawyer.
8   Mr. Schneider will do everything within his power to make sure
9   that that lawyer gets all of the discovery as soon as possible,
10  and that new lawyer will reach out to you in the coming days,
11  hopefully.
12           Ms. Rivera, do we know who's on duty today?
13           THE DEPUTY CLERK:  Yes, John Busa.
14           So you'll be contacted by Mr. Busa and he'll make
15  arrangements to meet with you at his earliest convenience.
16           Mr. Schneider, plea do endeavor to get Mr. Busa the
17  discovery as soon as you can.
18           MR. SCHNEIDER:  Yes, your Honor.  I did bring most of
19  my file that I have with me.  I also brought two hard drives
20  which show the two pieces of discovery from May and from June
21  that the government provided, as well as some hard copies of
22  other information related to Ms. Dilkinska's case.  I was
23  prepared to give it to Mr. Busa today.  Actually, that's not
24  true.  I need him to -- there's a protective order in place.
25  If he would -- once he signs the protective order, then I

N7KCdilC

1  believe I'd be free to give him the discovery.  So I have a
2  copy of the protective order here.  So I don't know if I
3  should -- if anybody knows where he is.
4          THE COURT:  So here's the thing, he may be here since
5  it's his duty day, he may be across the street in arraignment
6  court speaking with his clients or meeting with new clients.  I
7  don't get in the middle of this.  So you could maybe reach out
8  to him, maybe he's across the street, in which case you could
9  go over there and hand it to him, but if he's not --
10         MR. SCHNEIDER:  I have it ready to go.
11         THE COURT:  Very well.  Mr. Folly, is there anything
12  you wanted to put on the record?
13         MR. FOLLY:  No, your Honor.
14         THE COURT:  Unless there's anything else,
15  Mr. Schneider?
16         MR. SCHNEIDER:  So one second, your Honor.
17         THE COURT:  We're due back September 21; is that
18  right, Mr. Folly?
19         MR. FOLLY:  Your Honor, let me check the calendar.
20         MR. SCHNEIDER:  I'm sorry.  I didn't hear what you
21  said.
22         THE COURT:  We're due back September 21; am I right
23  about that?
24         MR. SCHNEIDER:  I believe so, but if I could
25  doublecheck.

1        MR. FOLLY:  Yes, your Honor, that's correct.
2        THE COURT:  Anything else that we need to put on the
3  record today, Mr. Schneider?
4        MR. SCHNEIDER:  Not from me, your Honor.  Thank you.
5        THE COURT:  In that event, we're adjourned.
6                              * * *